UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **COLLEEN BOUTTE ET AL** | **CASE NO. 2:23-CV-00261** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CENTERPOINT ENERGY INC ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss and Motion for Immediate Remand [doc. 3] filed by plaintiffs. Defendant Associated Energy & Gas Insurance Services, Ltd. ("AEGIS") opposes the motion. Doc. 7.

## I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on December 17, 2018, in Lake Charles Louisiana. Plaintiffs allege that plaintiff Colleen Boutte was traveling eastbound on Alamo Street when westbound traffic began entering her lane due to a Centerpoint Energy truck parked in the westbound lane. Doc. 1, att. 1, p. 3 ¶ 5. Mrs. Boutte slowed her vehicle due to oncoming traffic and was rear-ended by another vehicle, allegedly resulting in injuries. *Id.* Mrs. Boutte and her husband filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on December 9, 2019, asserting that Centerpoint was liable for her injuries due to its failure to provide a flagman or place any warning signs or cones to warn of the parked vehicle. *Id.* at ¶¶ 5–7.

The suit proceeded in the district court until the plaintiffs named AEGIS, excess insurer for Centerpoint, as defendant by amending petition filed on December 19, 2022.[1] AEGIS then removed the matter on February 27, 2023, invoking the court's jurisdiction under the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") pursuant to an arbitration clause in its policy with Centerpoint. Doc. 1. Plaintiffs now move to dismiss their claims against AEGIS with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), and for immediate remand to the state court. AEGIS opposes the motion, asserting that the move will prejudice it by depriving it of its defense of mandatory arbitration. Doc. 7.

## II.
## LAW & APPLICATION

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. Federal question jurisdiction under 28 U.S.C. § 1331 is properly invoked when the plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Additionally, Section 205 of the Convention provides "one of the broadest removal provisions . . . in the statute book." *Acosta v. Master*

---

[1] The suit was previously removed to this court on the basis of diversity jurisdiction on January 31, 2020, but remanded after plaintiffs filed an amending petition naming Louisiana domiciliary Roy Thevenet as defendant. *See Boutte v. Centerpoint Energy*, No. 2:20-cv-148 (W.D. La. June 25, 2020).

*Maintenance and Constr., Inc.*, 452 F.3d 373, 377 (5th Cir. 2006). The section provides that any action whose subject matter "relates to an arbitration agreement or award falling under the Convention" may be removed "at any time before the trial thereof . . . to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205.

Plaintiffs do not dispute that their direct action claims against AEGIS invoke AEGIS's policy with Centerpoint. They maintain, however, that they are still entitled to dismiss such claims with prejudice under Federal Rule of Civil Procedure 41 and that the court will therefore lose subject matter jurisdiction over the suit. AEGIS opposes this, asserting that the dismissal will deprive it of its defense of arbitration in this matter and prejudice it given plaintiffs' clear intent to seek damages in the amounts covered by the excess policy.

A plaintiff is master of the complaint. *Caterpillar, Inc. v. Williams*, 346 U.S. 556, 560 (1954). Federal Rule of Civil Procedure 41(a)(2) allows for voluntary dismissal of claims at any time on terms that the court considers proper. As a general rule, such a motion "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Accordingly, when faced with a Rule 41(a)(2) motion, the district court should grant it absent evidence of abuse by the movant. *Id.* Otherwise, the court may either deny the motion or impose additional conditions to cure the prejudice to the non-moving party.

AEGIS pleads the loss of its right to compel arbitration as prejudice, even in the event the claims against it are dismissed with prejudice. Plaintiffs, however, were not obligated to name AEGIS as a party in the first place. Additionally, they are not parties to the insurance policy containing the arbitration agreement and had no opportunity to negotiate it. Accordingly, the court does not view this as sufficient legal prejudice to justify evading the Fifth Circuit's preference for freely granting voluntary dismissals. The dismissal of AEGIS deprives the court of any subject matter jurisdiction over the suit, and the remaining state law claims will therefore be remanded.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss and Motion to Remand [doc. 3] will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers this 1st day of March, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**